THE STATE, DEFENDANT IN ERROR, v. GEORGE P. RICARDO, PLAINTIFF IN ERROR.

Argued February 16 and 17, 1904—Decided November 7, 1904.

When the case made by the state against a defendant as presented by the trial court to the jury can be maintained only by reliance upon proof that was improperly admitted, manifest injury has resulted to the defendant, that can be redressed only by the reversal of the judgment rendered against him; such judgment cannot be sustained upon a different ground involving matters of fact that were not presented to or passed upon by the jury.

On error to the Bergen Quarter Sessions.

Before GUMMERE, CHIEF JUSTICE, and Justices DIXON, GARRISON and SWAYZE.

For the plaintiff in error, *John S. Mackay.*

For the defendant in error, *Ernest Koester,* prosecutor of the pleas.

The opinion of the court was delivered by

GARRISON, J. The defendant was convicted of embezzling moneys that came into his hands as the agent of the Relief Hook and Ladder Company, No. 2, a voluntary association of which the defendant was foreman. As foreman it was the defendant's duty to exercise general care over the property of the association, and by an arrangement with the treasurer that was known to and acquiesced in by the association, the defendant collected certain moneys due to the association from the Hackensack Improvement Commission for team hire. These moneys the defendant, pursuant to said arrangement, was to deposit in bank to the credit of the association, and against the sum so deposited to draw checks for bills payable by the association. The case of the state

was ·that the balance of the· moneys so to be deposited, plus
the checks so drawn and paid, was less than the amount paid
by the Hackensack Improvement Commission to the defendant
as the agent of the association. In order to prove what sums
of money had been so paid to the defendant, the state offered
in evidence a large number of vouchers that had been drawn
on the Hackensack Improvement Commission by one J. J.
Carlough, who had since died, but who, at the time the
vouchers were drawn, was street superintendent to the Com-
mission. These vouchers, which were read to the jury, in no
way indicated that they were for sums due to the Hook and
Ladder Company, and the money for which they·called was
in all cases paid by checks to J. J. Carlough and passed
directly into his .private bank account. In order to charge
the defendant with having received from Carlough an amount
of. money· equal to the aggregate of the sums covered by these
vouchers, the state called one Brinkner, who was the· driver
of the team of the Hook and Ladder Company, for the hire
of ·which the Commission, through .Carlough, paid the Hook
and Ladder Company through the defendant, as its agent.
Brinkner had kept a time-book of the team's employment and
was able to testify that the entries in this book, as originally
made by him, correctly represented the time for which the
Commission owed the Hook and Ladder Company, and that
he had given this time to· Carlough and that Carlough's time
corresponded to his; and, also, that Carlough had settled
with him on the basis of the time so· kept, and that he had
turned over to the defendant all of the· money he had received
from Carlough. He was not, however, able to· say how much
that was, because his book had been altered and he had no
means of knowing, and hence .could not testify that the sum
of Carlough's vouchers drawn on the Commission corresponded
with his time-book, or that Carlough had paid to· him an
amount equal to· the sum of these vouchers., It is evident,
therefore, that all of the testimony touching the amount of
money paid by the Commission to Carlough, including the
information furnished by the vouchers, was of no evidential
force whatsoever against the defendant, and that without

some such evidence the testimony of Brinkner proved nothing upon which the defendant's conviction could rest. Excluding the testimony touching Carlough's settlements with the Commission as having been improperly admitted, and assuming, without proof, that Carlough's vouchers represented the exact sum he ought to have paid to the Hook and Ladder Company, it by no means follows that the amount Carlough paid to Brinkner was the amount he had received for that purpose, and without some such presumption the testimony, as a whole, is non-inculpatory of the defendant. Yet this was the sole issue upon which the trial court sent the case to the jury—or, rather, the sole line of proof by which the case that was submitted to the jury could, under the charge of the court, be maintained by the state. This being so and the entire record having been certified to us under the statute, it is clear that manifest injury has resulted to the defendant, both on the admission of testimony and in the charge of the court, for which the judgment entered in the court below must be reversed.

This result renders it unnecessary to decide whether the defendant, by endorsing the names of the payees upon two of the checks he had drawn on the company's bank account, and by his conduct respecting them had converted to his own use, with a fraudulent intent, the money of the company to the extent of the sums for which such checks were drawn. The questions of fact necessary to the determination of this issue were not presented to or passed upon by the jury, hence there is no verdict against the defendant upon this point.

In view of the retrial of this indictment, it may be well to add that we have examined the question of the defendant's direct answerability to the Hook and Ladder Company with respect to the moneys shown by the testimony in the present case to have come into his hands, and think that with respect to such moneys he is within the statute upon which this indictment is founded.

For the reasons above given, the judgment contained in this record is reversed.